IN THE MATTER OF THE ASSESSMENT FOR PAVING UNIVERSITY AVENUE.

PITTSBURGH COAL COMPANY v. CITY OF ST. PAUL.[1]

October 21, 1921.

No. 22,435.

**City of St. Paul — assessment for paving valid — charter amendment.**

1. On May 27, 1920, the council of St. Paul made a final order for paving a street in a proceeding instituted and carried on pursuant to the provisions of the city charter. Prior to November 27, 1920, it was completed, and on that day the commissioner of finance reported a preliminary assessment, which was on the same day approved by the council, and on December 29, 1920, after a notice of a public hearing the assessment was ratified by the council and was certified to the district court for confirmation, and was confirmed on March 24, 1921. At the November 2, 1920, general election, an amendment to the charter was adopted, effective 30 days thereafter, limiting assessments against abutting property for paving to the cost of a strip of pavement 12 feet wide adjacent to the property, the rest to be paid by the city. *Held*, that the assessment was properly levied in accordance with the provisions of the charter prior to the amendment becoming effective.

[1]Reported in 184 N. W. 788.

**Cost of paving street intersections.**

    2. The provision of section 235 of the charter, to the effect that the council may pay the cost of paving street intersections out of the general funds of the city, is permissive, not mandatory.

In the district court for Ramsey County the Pittsburgh Coal Company filed objections to a paving assessment. The matter was heard by Dickson, J., who made findings that the assessment was in all things conformable to law and the provisions of the charter of the city, and confirmed the assessment. From the judgment entered pursuant to the order for judgment, the Pittsburgh Coal Company appealed. Affirmed.

    *O. H. O'Neill, Milton P. Firestone* and *Samuel Lipschultz,* for appellant.

    *Arthur E. Nelson* and *C. F. McNally,* for respondent.

DIBELL, J.

The Pittsburgh Coal Company appeals from the judgment of the Ramsey district court confirming an assessment against its property for the improvement of University avenue in St. Paul.

The assessment was made under the home rule charter of the city (sections 233-257). On May 13, 1919, the city council made a final order for the improvement. On November 27, 1920, the commissioner of finance reported a preliminary assessment to the common council. On the same day the council approved it. On December 29, 1920, at the time fixed for a public hearing, the council ratified it and certified it to the district court for confirmation, and it was confirmed on March 24, 1921. These proceedings were had in compliance with the charter as it stood prior to the going into effect of an amendment to section 235 of the charter adopted at the November 2, 1920, general election, and effective 30 days after that date. This amendment added the following proviso:

"Provided, further, that the amount which may be assessed against abutting property for paving any street, boulevard, parkway or other highway shall not exceed the cost of a strip of such pavement twelve feet wide adjacent to the property thus assessed. The cost of the pavement over and above the amount assessed against all property benefited

shall be paid out of the city revenue or from money raised by bond issue or both."

This proviso was in effect at the time of the formal ratification by the common council on December 27, 1920, and at the time of the confirmation by the district court by the judgment from which this appeal is taken. Before the going into effect of the amendment the work was completed. What was done by the council and by the court in reviewing and confirming the assessment was what would have been done in regular course if the amendment of November 2 had not been adopted. The contention of the coal company is that, upon the amendment becoming effective 30 days after the election, the assessment could not exceed the amount thereby prescribed. We are not of that opinion. Our view is that the improvement, and the assessment for it, had proceeded so far at the time of the going into effect of the amendment that the assessment should be levied in accordance with the charter as it was before the amendment. We do not hold that the date of the passing of the final order is the determining date. That question is not before us. Our holding is that, with the improvement completed and the assessment so far in progress as it was when the amendment was adopted, it should be made in accordance with the charter as it was before the amendment.

Counsel have filed helpful briefs in connection with their oral arguments. It is unnecessary to discuss the authorities. The question is finally one of construction.

2. The coal company further claims that under section 235 of the charter the city must pay the cost of paving street intersections. This section provides that nothing contained in it shall prevent the council from paying the cost of street intersections out of the general funds of the city. We do not construe the language as mandatory. It is permissive.

Judgment affirmed.